UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:18-CR-586  RWS/DDN |
| **SIRLUV BOYD,** ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SUPPRESS EVIDENCE

COMES NOW, Defendant, Sirluv Boyd, by and through counsel, Joseph M. Hogan, and moves this honorable Court to suppress all evidence seized in connection with the execution of a State search warrant executed on November 13, 2018 by the St. Louis Metropolitan Police Department at 3639 Gasconade, 2nd Floor, Saint Louis, MO 63116.  In support of his Motion to Suppress, Defendant states as follows:

### FACTUAL BACKGROUND

On or about November 7, 2018, Detective James Bain of the St. Louis Metropolitan Police Department applied for a search warrant for 3639 Gasconade, 2nd Floor, Saint Louis, MO 63116, relative to the Defendant being in possession of illegal firearms and narcotics. According to the affidavit for a search warrant, an unidentified confidential source (CS) provided information to Detective Bain that Sirluv Boyd was in possession of a handgun and selling heroin and crack cocaine from the Gasconade address.  The CS also alleged that approximately two months prior, the defendant was involved in a shooting at the Gasconade

1

address.  The search warrant was granted.  The search warrant and affidavit are attached hereto as Defendant's exhibit (A).

The affidavit in support of a search warrant, prepared by Detective Bain, is devoid of any information relating to the reliability of the CS, whether they had worked with law enforcement in the past, or whether there was any type of "deal" brokered with the CS.  There is absolutely no information, at all, about the reliability or prior working history as to the confidential source (CS).

Detective Bain, nor any other police officers conducted any surveillance of the Gasconade address, in an effort to identify illegal narcotic activities.

Detective Bain nor any other police officers attempted to make a controlled buy of heroin, crack cocaine or any suspected narcotics at the Gasconade address.

Detective Bain, nor any other police officer, verified that in the previous two-month period an individual had been shot by the defendant, or by anyone, at the Gasconade address.

The only information Detective Bain provided in his affidavit for a search warrant, about illegal weapons and narcotic activity, was the unsubstantiated statement of an unknown person.

On November 13, 2018, Detective Bain, accompanied by the SWAT team from the St. Louis Metropolitan Police Department, executed the search warrant and made a "no knock" entry into 3639 Gasconade, 2nd Floor.  Officers located one subject inside the residence and witnessed another subject, allegedly Sirluv Boyd, exit out the rear basement door of the building.  Police Officers located contraband including suspected narcotics, a firearm, drug paraphernalia and U.S. currency.   The defendant denied ownership of all suspected contraband when questioned by law enforcement officers.

**MEMORANDUM OF LAW IN SUPPORT**

The Fourth Amendment requires that search warrants be supported by probable cause. In the absence of probable cause, a warrant shall not issue. Probable cause exists only where "there are sufficient facts to justify the belief by prudent person that contraband or evidence of a crime will be found in the place to be searched. **United States v. Bieri**, 21 F.3d 811, 818 (8th Cir. 1994); **Illinois v. Gates**, 462 U.S. 213, 238 (1983). In the present case, Detective Bain's lack of surveillance coupled with an obvious omission regarding the reliability of the CS and no attempted drug purchases, fails to even satisfy this minimal threshold of probable cause. As such evidence seized as a result of the defective warrant should be suppressed and excluded. The Fourth Amendment holds that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The purpose of the requirements is to prevent overbroad and general searches. *Maryland v. Garrison,* 480 U.S. 79, 84 (11987).

"A search warrant may be invalid, if the issuing judge's probable cause determination was based on an affidavit containing false or omitted statements made knowingly and intentionally or with reckless disregard for the truth" **United States v.Reinholz**, 245 F.3d 765, 774 (8TH Cir. 2001),citing **Franks v. Delaware**, 438 U.S. 154,171 (1978). "Recklessness however, may be inferred from the fact of omission from an affidavit…when the material omitted would have been clearly critical to the finding of probable cause." **United States v. McIntyre**, 646 F. 3d 1107, 1114 (8th Cir. 2011). Detective Bain's omission concerning any information, at all, regarding the confidential source's reliability or previous service is reckless because that information is critical to finding of probable cause.

In the instant cause, the affidavit is devoid of any information relating to the credibility of the CS or potential bias. "Cases that test the sufficiency of affidavits for warrants obtained

are high fact specific, but information about the informant's credibility or potential bias is crucial." **United States v. Glover**, 755 F.3d 811, 816 (8th Cir. 2014).  Such information is crucial as to the issuance of a warrant.  Typical language contained in an affidavit utilizing a CS indicates whether the CS has been known to be reliable, whether the CS has provided information in the past, whether the CS has any motivation to assist the police.  Instead, in this case, the omission of this critical information during the application for a search warrant is suspect at best.  Assuredly, as the credibility of the CS is important to the fair administration of justice, the defective warrant doesn't end there.

In the absence of past reliability of the CS, Detective Bain could have engaged in a series of "controlled buys" in order to test the truth and veracity of the CS.  As there is no information regarding the CS of any kind, this would have at least provided background to the allegations made.

This, after examination of the totality of circumstances, establishes no evidence of any criminal wrongdoing.  The officer details no account of what could even remotely be characterized as the reasonable probability that criminal activity was occurring.  Instead, the only substantial police work performed amounted to running a criminal background check, making a determination that the defendant was "wanted", and then targeting the Defendant.

"A violation of the Fourth Amendment usually triggers exclusion of evidence 'obtained by way of' the violation from a subsequent criminal prosecution." **United States v. Barraza-Maldonado**, 732 F.3d 865, 867 (8th Cir. 2013).  "The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search.: **Murray v. United States**, 487 U.S. 533,536-37 (1988).  Here, as the affidavit to support issuance of the search warrant for 3639 Gasconade is flawed, justice dictates exclusion of the alleged contraband seized at the residence.  The search warrant affidavit speaks for itself in that it is devoid of

sufficient information in which to issue a search warrant.  In **Wong Sun v. United States**, 371 U.S. 471, 484 (1963) the United States Supreme Court articulated that derivative evidence, such as physical evidence, a confession, or the testimony of a witness, must be suppressed as "fruit of the poisonous tree" if it was discovered by exploiting an illegal search.  Here, the facially invalid search warrant issued in State court and all evidence flowing forth thereafter should be excluded by this honorable Court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant's Motion to Suppress Evidence should be granted and all suspected contraband that resulted from the defective warrant should be excluded.

Respectfully submitted,

*/S/ JOSEPH M. HOGAN*
_____
Joseph M. Hogan, 47008MO
Attorney for Defendant
7751 Carondelet, Ste 700
Clayton, Missouri 63105
 314-863-9898

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered to:

       United States Attorney's Office
       111 South 10th Street
       St. Louis, Missouri 63102

This 22st day of August, 2019.      */s/ JOSEPH M. HOGAN*